**ALLACCESS LAW GROUP**
Irene Karbelashvili, State Bar Number 232223
irene@allaccesslawgroup.com
Irakli Karbelashvili, State Bar Number 302971
irakli@allaccesslawgroup.com
19 North Second Street, Ste 205
San Jose, CA 95113
Telephone: (408) 295-0137
Fax: (408) 295-0142

Attorneys for LENA MACIAS, Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LENA MACIAS,<br>                Plaintiff,<br>vs.<br>NATWARLAL M. PANCHAL; GITA N. PANCHAL; JARABAEL HORNA and JULIANA HORNA, collectively d/b/a SOUTHERN KITCHEN REST.; and DOES 1-10, Inclusive,<br>                Defendants. | Case No. 19-cv-00815<br><br>*Civil Rights*<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF, RESTITUTION, AND DAMAGES**<br><br><br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT FOR INJUNCTIVE RELIEF, RESTITUTION, AND DAMAGES

1

# I. INTRODUCTION

Plaintiff LENA MACIAS ("Plaintiff") brings this civil rights action against Defendants NATWARLAL M. PANCHAL; GITA N. PANCHAL; JARABAEL HORNA and JULIANA HORNA, collectively d/b/a SOUTHERN KITCHEN REST.; and DOES 1-10, Inclusive, ("Defendants"), for failing to make their restaurant and its facilities, commonly known as Southern Kitchen Restaurant, located at 3378 Monterey Rd San Jose, CA 95111(the "Restaurant"), accessible to physically disabled persons, thereby violating the Americans with Disabilities Act ("ADA") 42 U.S.C.§§ 12181-12189 and supplemental California statutes. Plaintiff seeks declaratory and injunctive relief, statutory damages, general damages, restitution, attorneys' fees, litigation expenses, and costs.

# II. JURISDICTION AND VENUE

1. This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, for ADA claims.

2. This court has supplemental jurisdiction for claims brought under parallel California law, arising from the same nucleus of operative facts, predicated on 28 U.S.C. § 1367.

3. Plaintiff's claims are authorized by 28 U.S.C. §§2201 and 2202 and 42 U.S.C. § 12188.

4. All of Defendants' actions complained of herein have taken place within the jurisdiction of the United States District Court for the Northern District of California. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

# III. INTRADISTRICT ASSIGNMENT

5. This case should be assigned to the San Jose intradistrict as the real property which is the subject of this action is located in this intradistrict and Plaintiff's causes of action arose in this intradistrict.

# IV. PARTIES

6. Plaintiff LENA MACIAS is and at all times relevant herein was, a qualified individual with a physical "disability" as defined under Department of Justice regulation 28 C.F.R. §36.104 and California Government Code § 12926. Plaintiff suffers from, lupus, severe arthritis, spinal stenosis and diabetes. Plaintiff uses a walker and a wheelchair for mobility, possesses a disabled

parking placard, and is a resident of San Jose, CA. Consequently, Plaintiff is unable, due to her physical disability, to independently use public facilities that are not designed and/or constructed in compliance with applicable accessibility standards to accommodate disabled persons who require mobility aids.

7. Defendants NATWARLAL M. PANCHAL; GITA N. PANCHAL; JARABAEL HORNA and JULIANA HORNA, collectively d/b/a SOUTHERN KITCHEN REST.; and DOES 1-10, Inclusive, are, and at all relevant times were, the owners, operators, managers, trustors, lessors and/or lessees of the Restaurant referenced above. The Restaurant is an establishment serving food or drink as defined under Title III of the ADA, 42 U.S.C.A. § 12181(7)(B), and California civil rights laws. Civ. Code, § 51 *et seq.*; Health & Safety Code § 19955 *et seq*. The Restaurant is open to the public, intended for nonresidential use and its operation affects commerce.

8. Does 1 through 10 are sued under their fictitious names because Plaintiff is unaware of their true identities. Leave to amend will be sought when their true identities are learned. Plaintiff alleges on information and belief that Does 1 through 10 are legally responsible for the wrongdoing alleged herein.

## V. FACTS

9. Plaintiff has dined at the Restaurant at least 3 times within 2 years prior to the filing of this action including on June 11, 2018 at around 11 a.m.; September 25, 2018 at around 10 a.m.; and November 24, 2018 at around 2:30 p.m. During her visits to the Restaurant, Plaintiff persistently encountered barriers, structural in nature, to her full and equal access to the goods and services offered at the Restaurant. Specifically, Plaintiff had difficulty navigating inside of the Restaurant because the path of travel was too tight especially to the exit door. Plaintiff was also deprived equal access to the Restaurant's customer restroom because the bathroom vestibule door and the bathroom door did not have sufficient clear space on pull side and neither provided at least 32 inches for passing. Furthermore, there was insufficient turning space inside of the bathroom for Plaintiff's wheelchair. Consequently, Plaintiff left each time feeling like a second class citizen and suffered difficulties, discomfort, and emberassment and has been deterred from

1 dining at the Restaurant more often because of the accessibility problems.

2 10. Before filing this lawsuit, Plaintiff's legal representative also had a CASp-certified access
3 consultant do an informal investigation of the Restaurant. While he could not make detailed
4 measurements, he determined that the Restaurant was also inaccessible in multiple other ways,
5 including, but not limited to, the following:

- Tow away sign is hidden and not visible
- Tow away sign has no information
- Parking does not have blue lines
- Parking does not have "no parking" stamped on surface
- Outside waiting bench seating has no flat clear space at short side of bench
- Ramp encroaches into parking
- Ramp sloped over acceptable level
- Top landing of ramp over 2%
- Entry door when open reduces landing width
- Entry door has no automatic door sign to alert of a swinging door
- Vestibule door has sloped landing
- Vestibule door heavy to operate
- Cashier counter has no signing surface
- ADA table has no ADA sign on it
- No equal seating at booth
- Bathroom lock requires twisting
- No transfer space in bathroom
- Sink does not allow knee space
- Sink faucet requires twisting
- Grab bars are not compliant size and location

11. These barriers to access are listed without prejudice to Plaintiff citing additional barriers to access after inspection by Plaintiff's access consultant, per the 9th Circuit's standing standards under *Doran v. 7-Eleven, Inc.* (9th Cir. 2008) 524 F.3d 1034, *Chapman v. Pier 1 Imports (U.S.)*

*Inc.* (9th Cir. 2011) 631 F.3d 939, and the General Order 56 requirements for Northern District of California "ADA" Title III cases. The Restaurant must be brought into compliance with all applicable federal and state code requirements, according to proof.

12. To date, Defendants have refused to make the Restaurant's facilities, including the restroom facilities, accessible to Plaintiff or bring them into compliance with ADA Architectural Guidelines ("ADAAG"). Defendants knew that these areas were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled. Moreover, Defendants have the financial resources to remove these barriers from the Restaurant's premises (without much difficulty or expense), and make the facility accessible to persons with mobility limitations. To date, however, Defendants refuse to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

## VI. FIRST CAUSE OF ACTION

### Americans with Disabilities Act of 1990 - Title III USC §12101 *et seq*.

### (Against all Defendants and each of them)

13. Plaintiff incorporates the allegations contained in paragraph 1 through 12 of this complaint for this claim.

14. Title III of the ADA holds as a 'general rule' that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182 (a).

15. Defendants discriminated against Plaintiff by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges or accommodations provided by the Restaurant.

16. The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12]82 (b) (2) (A) (iv). The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense" 42 U.S.C.A. § 12182(9).

17. Here, Plaintiff alleges that Defendants can easily remove the architectural barriers without much difficulty and expense, and that Defendants violated the ADA by failing to remove

1. those barriers, when it was readily achievable to do so. In that regard, Defendants could have but did not avail themselves of the tax deduction and tax credits provided by Internal Revenue Code §44 and §190, which apply to the costs of barrier removal.

18. The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C.A. § 12182(b) (2) (A) (ii).

19. Here, Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Restaurant, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these good, services, facilities, or accommodations.

20. Plaintiff seeks all relief available under the ADA (i.e., injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

21. Plaintiff also seeks a finding from this Court (i.e., declaratory relief) that Defendants violated the ADA in order to pursue damages under California's Unruh Civil Rights Act and Disabled Persons Act.

## VII. SECOND CAUSE OF ACTION

**Health & Saf. Code, § 19955 *et seq*.**

**(Against all Defendants and each of them)**

22. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 21 of this Complaint, and incorporates them herein as if separately repled.

23. Health & Saf. Code, § 19955 *et seq*. was enacted "[t]o ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with §4450) of Division 5 of Title 1 of the Government Code." Such public accommodations are defined as any "building, structure, facility, complex, or improved area that is used by the general public...," and includes restaurants and related sanitary facilities, Health & Saf. Code, § 19955.

24. Plaintiff alleges that the Restaurant underwent construction and/or alterations after January 1, 1982 that triggered access requirements under Title 24-2. Pursuant to Title 24-2, compliance with disabled access building standards and specifications is required whenever public accommodations, such as the Restaurant and its related facilities, undergo an "alteration, structural repair or addition."

25. Since a violation of state or federal law, including California Health and Safety Code, is also a violation of the Bus. & Prof. Code, § 17200, pursuant to the remedies, procedures, and rights set forth in Bus. & Prof. Code, § 17200, Plaintiff prays for judgment as set forth below.[1]

## VIII. THIRD CAUSE OF ACTION- CALIFORNIA BUSINESS AND PROFESSIONS CODE (UNFAIR, UNLAWFUL, DECEPTIVE BUSINESS PRACTICES and FALSE ADVERTISING)

**Bus. & Prof. Code, §§ 17200, 17500** *et seq***.**

**(Against Defendants all Defendants and each of them)**

26. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 25 of this Complaint, and incorporates them herein as if separately repled.

27. Defendants engage in business practices, offer their goods and services for sale, and advertise their business within the jurisdiction of the state of California. As such, Defendants, and each of them, have a duty to comply with the provisions of the Unfair Business Practices Act set forth in § 17200, *et seq.,* of the Business and Professions Code.

28. The Unfair Business Practices Act prohibits, inter alia, unlawful, unfair, or fraudulent business acts or practices and unfair, deceptive, untrue, or misleading advertising by any person, firm, corporation, or association within the jurisdiction of the State of California.

29. The conduct previously alleged violated the Unfair Business Practices Act, including § 17200 of the Business & Professions Code, in that Defendants have represented that their goods and services are available to all members of the general public, when in fact, Defendants deny full and equal access to their goods and services to disabled individuals with mobility limitations

---

[1] Note: Plaintiff is not seeking any remedies under the Health & Safety Code, § 19953.

by reason of Defendants' failure to comply with their legal obligations under the Unruh Act, Disabled Persons Act, Health and Safety Code and the American's with Disabilities Act as alleged herein.

30. Plaintiff also alleges that since Defendants engage in business practices, offer their goods and services for sale, and advertise their goods and services within the jurisdiction of the state of California, Defendants have a duty to comply with the provisions of the False Advertising Practices Act set forth in §§ 17500, *et seq.,* of the Business and Professions Code.

31. The False Advertising Practices Act prohibits, inter alia, disseminating, making, or causing to be made, any statement concerning goods and services which is known, or with the exercise of reasonable care should be known, to be untrue or misleading, by any corporation or employee thereof.

32. The previously alleged conduct of Defendants violates the False Advertising Act, including § 17500 of the Business and Professions Code, in that said Defendants have represented that their goods and services are available to all members of the general public, when, in fact, said Defendants deny full and equal access to such goods and services to disabled individuals with mobility limitations by reason of Defendants' failure to comply with their legal obligations under the Unruh Act, Disabled Persons Act, Health and Safety Code and the Americans with Disabilities Act.

33. Plaintiff seeks injunctive relief and restitution to restore to her any money that Defendants obtained by means of such unfair competition, including profits unfairly obtained to the extent that these profits represent monies give to the Defendants by Plaintiff.

## IX. FOURTH CAUSE OF ACTION- CALIFORNIA DISABLED PERSONS ACT

**Civ. Code, § 54** *et seq.*

**(Against all Defendants and each of them)**

34. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 33 of this Complaint, and incorporates them herein as if separately repled.

35. Civ. Code, § 54 states, in part, that: Individuals with disabilities have the same right as

the general public to the full and free use of the streets, sidewalks, walkways, public buildings and facilities, and other public places.

36. Civ. Code, § 54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations, facilities, telephone facilities, places of public accommodation, and other places to which the general public is invited.

37. Both sections specifically incorporate (by reference) an individual's rights under the ADA. See Civ. Code, §§ 54(c), 54.1(d).

38. Here, Defendants discriminated against the physically disabled public, including Plaintiff, by denying them full and equal access to Restaurant. Defendants also violated Plaintiff's rights under the ADA, and, therefore, infringed upon or violated (or both) Plaintiff's rights under the Disabled Persons Act.

39. For each offense of the Disabled Persons Act, Plaintiff seeks actual damages' (both general and special damages), and not less than the statutory minimum damages of one thousand dollars ($1,000) for each offense, declaratory relief, and any other remedy available under Civ. Code, § 54.3. Plaintiff also seeks to recover reasonable attorneys' fees incurred, under Civ. Code, § 54.3.

## X. FIFTH CAUSE OF ACTION- CALIFORNIA UNRUH CIVIL RIGHTS ACT
### Civ. Code, § 51 *et seq*.
### (Against all Defendants and each of them)

40. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 39 of this Complaint, and incorporates them herein as if separately repled.

41. Civ. Code, § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

42. Civ. Code, § 51.5 also states, in part, that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

43. Civ. Code, § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

44. Defendants' aforementioned acts and omissions denied the physically disabled public, including Plaintiff, full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of her physical disability).

45. These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Plaintiff by violating the Unruh Act.

46. Plaintiff was damaged by Defendants' wrongful conduct, and seeks actual damages but not less than the statutory minimum damages of four thousand dollars ($4,000) for each offense.

47. Plaintiff also seeks to enjoin Defendants from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under Civ. Code, § 52(a).

## XI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests:

1. Issue a preliminary and permanent injunction directing Defendants as current owners, operators, lessors, and/or lessees of the Restaurant and premises to modify the above described property and premises and related facilities so that each provides full and equal access to physically disabled persons and issue a preliminary and permanent injunction directing Defendants to provide and maintain facilities usable by Plaintiff and similarly situated persons with disabilities, and which provide full and equal access, as required by law, including appropriate changes in policy. **Note: Plaintiff is not invoking Civil Code, § 55 and is not seeking injunctive relief under that section**;

2. Declare that Defendants are in violation of Title III of the Americans with Disabilities Act;

3. Retain jurisdiction over Defendants until such time as the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of herein no longer occur, and cannot recur;

4. Award to Plaintiff all appropriate damages, including but not limited to statutory damages, general damages and treble damages in amounts within the jurisdiction of this Court, all according to proof;

5. Award to Plaintiff all reasonable restitution for Defendant's Unfair, Unlawful, Deceptive Business Practice and False Advertising;

6 Award to Plaintiff all reasonable statutory attorneys' fees, litigation expenses, and costs of this proceeding as provided by law;

7. Award to Plaintiff prejudgment interest pursuant to Civ. Code, § 3291; and

8. Grant such other and further relief as this Court may deem just and proper.

Dated: February 14, 2019          */s/ Irene Karbelashvili*
                                  Irene Karbelashvili, Attorney for Plaintiff
                                  LENA MACIAS

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated: February 14, 2019          */s/ Irene Karbelashvili*
                                  Irene Karbelashvili, Attorney for Plaintiff
                                  LENA MACIAS