ALLACCESS LAW GROUP
Irene Karbelashvili, State Bar Number 232223
irene@allaccesslawgroup.com
Irakli Karbelashvili, State Bar Number 302971
irakli@allaccesslawgroup.com
1400 Coleman Ave Ste F28
Santa Clara, CA 95050
Telephone: (408) 295-0137
Fax: (408) 295-0142

Attorneys for LENA MACIAS, Plaintiff

Miguel Garcia
1070 Sylvandale Ave.
San Jose, CA 95111
Telephone: 408-981-3433

Defendant, *Pro Se*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| LENA MACIAS,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>MIGUEL GARCIA,<br><br>　　　　Defendant. | Case No. 5:19-cv-00815-NC<br><br>**CONSENT DECREE AND [PROPOSED] ORDER** |

Case No. 5:19-cv-00815-NC

1

1. Plaintiff LENA MACIAS ("Plaintiff") filed a complaint in this action for injunctive relief against Defendant MIGUEL GARCIA ("Defendant") Plaintiff has alleged that Defendant violated Title III of the ADA and related California law by failing to provide full and equal access to Defendant's facility at 3378 Monterey Rd, San Jose, CA 95111("Subject Property").

2. On February 6, 2020, Defendant filed an answer to Plaintiff's complaint denying any wrongdoing or liability. Plaintiff and Defendant (collectively the "Parties") hereby enter into this Consent Decree and Order for the purpose of resolving all of Plaintiff's claim in this lawsuit without the need for protracted litigation.

**JURISDICTION:**

3. The Parties to this Consent Decree and Order agree that the Court has jurisdiction of this matter pursuant to 28 U.S.C. section 1331 for alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. sections 12101 *et seq.* and pursuant to supplemental jurisdiction for alleged violations of California Health & Safety Code sections 19955 *et seq.*; California Business and Professions Code sections 17200 *et seq.* and 17500 *et seq.* and Title 24, California Code of Regulations; and California Civil Code sections 51, 52.

4. In order to avoid the costs, expense, and uncertainty of protracted litigation, the Parties to this Consent Decree and Order agree to entry of this Consent Decree and Order to resolve all claims raised in the Complaint filed with this Court. Accordingly, the Parties agree to the entry of this Order without trial or further adjudication of any issues of fact or law concerning Plaintiff's claims.

WHEREFORE, the Parties to this Consent Decree hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provides as follows:

**DENIAL OF LIABILITY:**

5. Defendant denies any and all legal or equitable liability under any federal, state or local statute, regulation or ordinance, or the common law, for any damages or claims caused by or arising out of the of the physical condition of the Subject Property or from acts or inaction. By entering into this Consent Decree, or by taking any action in accordance with it, Defendant does

not admit any allegations contained herein or in the Complaint, nor does he admit any liability for any purpose or admit any issue of law or fact or any responsibility for the alleged noncompliance of the Subject Property with the Americans with Disabilities Act of 1990 (ADA), the 1991/2010 ADA Standards for Accessible Design, California Building Code, or any other state or federal statute, regulation or building code.

### SETTLEMENT:

6. This Order shall be a full, complete, and final disposition and settlement of Plaintiff's claims against Defendant. The Parties agree that there is no admission or finding of liability, guilt or violation of the law, and that this Consent Decree and Order should be not be constructed as such.

7. The Parties agree and stipulate that the corrective work will be performed in compliance with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2, and the 2010 ADA Standards for Accessible Design unless other standards are specifically agreed to in this Consent Decree and Order. Defendant will perform remedial work based on the issues raised by Plaintiff in **Attachment "1"**.

8. **Timing of Injunctive Relief**: The work to be performed pursuant to this Consent Decree shall be completed by March 31, 2021. Defendant will make reasonable good faith efforts to obtain permits and authorizations including, without limitation, building permits, that may be required under local law, ordinance, or other applicable law in order to complete the corrective work at the Subject Property that Defendant is required to make under this Consent Decree and Order. If a city or other applicable state or local authority does not provide the permits or authorizations in a timely manner, and such delay impacts Defendant's ability to make any of the modifications set forth in the Consent Decree and Order within the time period set forth herein, Defendant shall notify Plaintiff's counsel in writing within thirty (30) days of discovering the delay. Plaintiff will have thirty (30) days to investigate and meet and confer, and to approve the delay by stipulation or otherwise respond to Defendant's notice. Plaintiff will not unreasonably withhold consent for a reasonable extension of time to complete remediation. If the

Parties cannot reach agreement regarding the delay within an additional fifteen days, Plaintiff may seek enforcement by the Court.

10. If Defendant fail to complete the corrective work on the agreed upon timetable, Plaintiff may file a motion with the Court to compel compliance with these terms only after first meeting and conferring in good faith with Defendant. Plaintiff reserves the right to seek reasonable attorneys' fees in connection with bringing such motion to compel compliance. Defendant reserves the right to oppose Plaintiff's request for attorneys' fee on the grounds that such fees are unnecessary, duplicative or otherwise not reasonable.

### ENTIRE CONSENT DECREE AND ORDER:

11. This Consent Decree and Order constitutes the entire agreement between the signing Parties and no other statement, promise, or agreement, either written or oral, made by any of the Parties or agents of any of the Parties that is not contained in this written Consent Decree and Order, shall be enforceable regarding the matters described herein.

### CONSENT DECREE AND ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:

12. This Consent Decree and Order shall be binding on Plaintiff, Defendants, and any successors-in-interest. The Parties have a duty to so notify all such successors-in-interest of the existence and terms of this Consent Decree and Order during the period of the Court's jurisdiction of this Consent Decree and Order.

13. Plaintiff understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree and Order, she will incur, suffer, or experience some further loss or damage with respect to the lawsuit that is unknown or unanticipated at the time this Consent Decree and Order is signed. Except for all obligations required in this Consent Decree and Order, the Parties intend that this Consent Decree and Order applies to all such further loss by Plaintiff with respect to the lawsuit, except those caused by Defendant subsequent to the execution of this Consent Decree and Order. Therefore, except for all obligations required in this Consent Decree and Order, this Consent Decree and Order shall apply to and cover any

and all claims, demands, actions, and causes of action by Plaintiff to this Consent Decree with respect to the lawsuit, whether the same are known, unknown, or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

15. Except for all obligations required in this Consent Decree and Order, Plaintiff forever discharges Defendant and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of Defendant, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the lawsuit.

**TERMINATION AND SATISFACTION:**

16. This Consent Decree and Order shall be in full force and effect for a period of six months after the injunctive relief contemplated by this Order is completed. The Court shall retain jurisdiction of this action to enforce provisions of this Order during the aforementioned term.

**SEVERABILITY:**

17. If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

**EXECUTION OF THIS CONSENT DECREE:**

18. This Consent Decree may be executed in counterpart signatures, and such signatures may be attached in counterparts, each of which shall be deemed an original, and which together shall constitute one and the same instrument. Such counterparts may be signed as

Case No. 5:19-cv-00815-NC

faxed signatures or DocuSign, which shall have the same force and effect as original signatures. The undersigned hereby consent to the foregoing Consent Decree.

Date: 3/26/2020   By: _____
                      LENA MACIAS

Date: 03/24/2020   By: _Miguel Garcia_____
                       MIGUEL GARCIA

[PROPOSED] ORDER

Pursuant to stipulation, and for good cause shown, **IT IS SO ORDERED.**

Dated: _____   _____
                            United States Magistrate Judge