ALLACCESS LAW GROUP
Irene Karbelashvili, State Bar Number 232223
irene@allaccesslawgroup.com
Irakli Karbelashvili, State Bar Number 302971
irakli@allaccesslawgroup.com
1400 Coleman Ave Ste F28
Santa Clara, CA 95050
Telephone: (408) 295-0137
Fax: (408) 295-0142

Attorneys for LENA MACIAS, Plaintiff

Miguel Garcia
1070 Sylvandale Ave.
San Jose, CA 95111
Telephone: 408-981-3433

Defendant, *Pro Se*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LENA MACIAS,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>MIGUEL GARCIA,<br><br>　　　　　Defendant. | Case No. 5:19-cv-00815-NC<br><br>**CONSENT DECREE AND<br>[PROPOSED] ORDER** |

1   Plaintiff LENA MACIAS ("Plaintiff") filed a complaint in this action for injunctive relief

2   against Defendant MIGUEL GARCIA ("Defendant") Plaintiff has alleged that Defendant

3   violated Title III of the ADA and related California law by failing to provide full and equal

4   access to Defendant's facility at 3378 Monterey Rd, San Jose, CA 95111("Subject Property").

5   2.      On February 6, 2020, Defendant filed an answer to Plaintiff's complaint denying

6   any wrongdoing or liability. Plaintiff and Defendant (collectively the "Parties") hereby enter into

7   this Consent Decree and Order for the purpose of resolving all of Plaintiff's claim in this lawsuit

8   without the need for protracted litigation.

9                                    **JURISDICTION:**

10  3.      The Parties to this Consent Decree and Order agree that the Court has jurisdiction

11  of this matter pursuant to 28 U.S.C. section 1331 for alleged violations of the Americans with

12  Disabilities Act of 1990, 42 U.S.C. sections 12101 *et seq.* and pursuant to supplemental

13  jurisdiction for alleged violations of California Health & Safety Code sections 19955 *et seq.*;

14  California Business and Professions Code sections 17200 *et seq.* and 17500 *et seq.* and Title 24,

15  California Code of Regulations; and California Civil Code sections 51, 52.

16  4.      In order to avoid the costs, expense, and uncertainty of protracted litigation, the

17  Parties to this Consent Decree and Order agree to entry of this Consent Decree and Order to

18  resolve all claims raised in the Complaint filed with this Court. Accordingly, the Parties agree to

19  the entry of this Order without trial or further adjudication of any issues of fact or law

20  concerning Plaintiff's claims.

21  WHEREFORE, the Parties to this Consent Decree hereby agree and stipulate to the

22  Court's entry of this Consent Decree and Order, which provides as follows:

23                                **DENIAL OF LIABILITY:**

24  5.      Defendant denies any and all legal or equitable liability under any federal, state or local

25  statute, regulation or ordinance, or the common law, for any damages or claims caused by or

26  arising out of the of the physical condition of the Subject Property or from acts or inaction. By

27  entering into this Consent Decree, or by taking any action in accordance with it, Defendant does

28

Case No. 5:19-cv-00815-NC

2

Consent Decree and [Proposed] Order

1  not admit any allegations contained herein or in the Complaint, nor does he admit any liability

2  for any purpose or admit any issue of law or fact or any responsibility for the alleged

3  noncompliance of the Subject Property with the Americans with Disabilities Act of 1990 (ADA),

4  the 1991/2010 ADA Standards for Accessible Design, California Building Code, or any other

5  state or federal statute, regulation or building code.

6                                    **SETTLEMENT:**

7          6.      This Order shall be a full, complete, and final disposition and settlement of

8  Plaintiff's claims against Defendant. The Parties agree that there is no admission or finding of

9  liability, guilt or violation of the law, and that this Consent Decree and Order should be not be

10  constructed as such.

11         7.      The Parties agree and stipulate that the corrective work will be performed in

12  compliance with the standards and specifications for disabled access as set forth in the California

13  Code of Regulations, Title 24-2, and the 2010 ADA Standards for Accessible Design unless

14  other standards are specifically agreed to in this Consent Decree and Order. Defendant will

15  perform remedial work based on the issues raised by Plaintiff in **Attachment "1"**.

16         8.      **Timing of Injunctive Relief**: The work to be performed pursuant to this Consent

17  Decree shall be completed by March 31, 2021. Defendant will make reasonable good faith

18  efforts to obtain permits and authorizations including, without limitation, building permits, that

19  may be required under local law, ordinance, or other applicable law in order to complete the

20  corrective work at the Subject Property that Defendant is required to make under this Consent

21  Decree and Order.  If a city or other applicable state or local authority does not provide the

22  permits or authorizations in a timely manner, and such delay impacts Defendant's ability to make

23  any of the modifications set forth in the Consent Decree and Order within the time period set

24  forth herein, Defendant shall notify Plaintiff's counsel in writing within thirty (30) days of

25  discovering the delay. Plaintiff will have thirty (30) days to investigate and meet and confer, and

26  to approve the delay by stipulation or otherwise respond to Defendant's notice. Plaintiff will not

27  unreasonably withhold consent for a reasonable extension of time to complete remediation. If the

28

Case No. 5:19-cv-00815-NC

Consent Decree and [Proposed] Order

1  Parties cannot reach agreement regarding the delay within an additional fifteen days, Plaintiff

2  may seek enforcement by the Court.

3        10.    If Defendant fail to complete the corrective work on the agreed upon timetable,

4  Plaintiff may file a motion with the Court to compel compliance with these terms only after first

5  meeting and conferring in good faith with Defendant.  Plaintiff reserves the right to seek

6  reasonable attorneys' fees in connection with bringing such motion to compel compliance.

7  Defendant reserves the right to oppose Plaintiff's request for attorneys' fee on the grounds that

8  such fees are unnecessary, duplicative or otherwise not reasonable.

9  **ENTIRE CONSENT DECREE AND ORDER:**

10        11.    This Consent Decree and Order constitutes the entire agreement between the

11  signing Parties and no other statement, promise, or agreement, either written or oral, made by

12  any of the Parties or agents of any of the Parties that is not contained in this written Consent

13  Decree and Order, shall be enforceable regarding the matters described herein.

14  **CONSENT DECREE AND ORDER BINDING ON PARTIES AND**

15  **SUCCESSORS IN INTEREST:**

16        12.    This Consent Decree and Order shall be binding on Plaintiff, Defendants, and any

17  successors-in-interest. The Parties have a duty to so notify all such successors-in-interest of the

18  existence and terms of this Consent Decree and Order during the period of the Court's

19  jurisdiction of this Consent Decree and Order.

20        13.    Plaintiff understands and agrees that there is a risk and possibility that, subsequent

21  to the execution of this Consent Decree and Order, she will incur, suffer, or experience some

22  further loss or damage with respect to the lawsuit that is unknown or unanticipated at the time

23  this Consent Decree and Order is signed.  Except for all obligations required in this Consent

24  Decree and Order, the Parties intend that this Consent Decree and Order applies to all such

25  further loss by Plaintiff with respect to the lawsuit, except those caused by Defendant subsequent

26  to the execution of this Consent Decree and Order. Therefore, except for all obligations required

27  in this Consent Decree and Order, this Consent Decree and Order shall apply to and cover any

28

Case No. 5:19-cv-00815-NC

Consent Decree and [~~Proposed~~] Order

1  and all claims, demands, actions, and causes of action by Plaintiff to this Consent Decree with

2  respect to the lawsuit, whether the same are known, unknown, or hereafter discovered or

3  ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly

4  waived. Section 1542 provides as follows:

6          A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
7          THAT THE CREDITOR OR RELEASING PARTY DOES NOT
        KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT
8          THE TIME OF EXECUTING THE RELEASE AND THAT, IF
        KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY
9          AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR
        OR RELEASED PARTY.

10        15.    Except for all obligations required in this Consent Decree and Order, Plaintiff

11  forever discharges Defendant and all officers, directors, shareholders, subsidiaries, joint

12  venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance

13  carriers, heirs, predecessors, and representatives of Defendant, from all claims, demands, actions,

14  and causes of action of whatever kind or nature, presently known or unknown, arising out of or

15  in any way connected with the lawsuit.

16                 **TERMINATION AND SATISFACTION:**

17        16.    This Consent Decree and Order shall be in full force and effect for a period of six

18  months after the injunctive relief contemplated by this Order is completed. The Court shall retain

19  jurisdiction of this action to enforce provisions of this Order during the aforementioned term.

20                         **SEVERABILITY:**

21        17.    If any term of this Consent Decree and Order is determined by any court to be

22  unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full

23  force and effect.

24              **EXECUTION OF THIS CONSENT DECREE:**

25        18.    This Consent Decree may be executed in counterpart signatures, and such

26  signatures may be attached in counterparts, each of which shall be deemed an original, and

27  which together shall constitute one and the same instrument.  Such counterparts may be signed as

28

Case No. 5:19-cv-00815-NC

Consent Decree and [Proposed] Order

1  faxed signatures or DocuSign, which shall have the same force and effect as original signatures.

2  The undersigned hereby consent to the foregoing Consent Decree.

3

4

5

6    Date:    3/26/2020                          By: _____

7                                                      LENA MACIAS

8

9    Date: 03/24/2020                            By: _____

10                                                     MIGUEL GARCIA

11

12

13

14

15

16

17

18                              [~~PROPOSED~~] ORDER

19    Pursuant to stipulation, and for good cause shown, **IT IS SO ORDERED**.

20

21

22

23  Dated: _____

24

25

26

27

28

Case No. 5:19-cv-00815-NC

6

Consent Decree and [~~Proposed~~] Order

# Attachment 1

DocuSign Envelope ID: 074B06D4-E56A-4188-A8A2-E407089954E2



## CAL Accessibility

### 07/29/2019

Joint Inspection

Southern Kitchen

Bassam Altwal CASp # 109





Irene Karanelashvili
All Access Law Group
19 N. Second St #205
San Jose CA

Re: 3378 Monterey Rd. San Jose CA 95111

**Status: Joint Inspection**

Dear Mr. Karbelashvili:

Thank you for asking Cal Accessibility to perform the CIR report for the building @ 3378 Monterey Rd. San Jose CA 95111

2

Code History: The ANZI 117.1 of 1961 were the standard to implement the access requirements. In California, in 1971, Health and Safety Code 19959 was passed that required all alternations, repairs and additions be accessible. In 1982, The California Building Code T24 went into effect replacing the 1961 ANSI standards. Since then, codes have seen multiple changes with recently the new 2016 ADA code and 2010 T24 CBC.

The facilities obligation to comply with the access codes depends on its construction date and alteration history.

Per the ADA, existing facilities not being altered must pursue barrier removal – or alternatives – in existing places of public accommodation.

Please find below the instruction on how to read our report and the tentative schedule for obtaining full accessibility.

Each item that represents a barrier per the California building Codes and/or the ADA is mentioned in this report with related photo attached.

Thank you,

Bassam Altwal
*Assoc. AIA, CASp, CASI, AAAEA*
Certified Access Specialist

**How to read the report**:

Each page of the report represents a barrier per the American with Disabilities Act. Each page title will be the part of building or site where the barrier is located. The barrier page consists of 7 columns:

1. Location: This is the location reference number used by the inspector to catalog barriers for ease of reference when report is discussed.  This item is related to Cal Accessibility data.
2. Cost: Estimated cost of potential solution (*cost can differ based on solution adopted. Cost is an estimate based on our best guess and cannot be an exact science due to multiple factors including solution approach, final cost might differ from estimated cost). (not included at this time)*
3. Issue/ Barrier: Description of the barrier in question.
4. Existing Condition: The description of the As Is condition, findings or measurements observed during the survey.
5. Notes: Our comments which can be the description of the barrier, removal solution/s, or any comments related to barrier removal.

In addition, each page contains a few pictures of the barrier and existing condition, possible sketches of typical solution/s and /or any other information relating to the barrier or findings.

**Abbreviations:**

| | | | | | |
|---|---|---|---|---|---|
| ABA: | Architectural barrier act. | ADA: | American with Disabilities Act | ADAAG: | ADA Accessibility Guidelines |
| AFF: | Above finishing floor | ANSI: | American National Standard institute | CL: | Center Line |
| CBC: | California Building Code | Fig.: | Figure | ISA: | International Symbol of accessibility |
| lbs | Pounds | LF: | Linear foot | NAR: | No Action Required |
| NA: | Not Available | o.c.: | On Center | POT: | Path of Travel |
| Qty: | Quantity | REF: | Reference | sec.: | Seconds |
| SF: | Square foot | tbd: | To be determined | UFAS: | Uniform Federal Accessibility Standards |
| WC: | Water Closet (toilet) | Typ.: | Typical, Repeats often in different locations | | |

**Index:**

| | |
|---|---|
| **Path of Travel** | *Page 7* |
| **Parking** | *Page 10* |
| **Curb Ramp** | *Page 15* |
| **Front Entrance (Interior Door)** | *Page 17* |
| **Interior Path** | *Page 21* |
| **Table Seating Areas** | *Page 23* |
| **Bathroom** | *Page 24* |

DocuSign Envelope ID: 074B06D4-E56A-4188-A8A2-E407089954E2

*NOTICE TO PRIVATE PROPERTY OWNER/TENANT*

*YOU ARE ADVISED TO KEEP IN YOUR RECORDS ANY WRITTEN INSPECTION REPORT AND ANY OTHER DOCUMENTATION CONCERNING YOUR PROPERTY SITE THAT IS GIVEN TO YOU BY A CERTIFIED ACCESS SPECIALIST.*

*IF YOU BECOME A DEFENDANT IN A LAWSUIT THAT INCLUDES A CLAIM CONCERING A SITE INSPECTED BY A CERTIFIED ACCESS SPECIALIST, YOU MAY BE ENTITLED TO A STAY (TEMPORARY STOPPAGE) OF THE CLAIM AND AN EARLY EVALUATION CONFERENCE.*

*IN ORDER TO REQUEST THE STAY AND EARLY EVALUATION CONFERENCE, YOU WILL NEED TO VERIFY THAT A CERTIFIED ACCESS SPECIALIST HAS INSPECTED THE SITE THAT IS SUBJECT OF THE CLAIM. YOU WILL ALSO BE REQUIRED TO PROVIDE THE COURT AND THE PLAINTIFF WITH THE COPY OF A WRITTEN INSPECTION REPORT BY THE CERTIFIED ACCESS SPECIALIST, AS SET FORTH IN CIVIL CODE SECTION 55.54. THE APPLICATION FORM AND INFORMATION ON HOW TO REQUEST A STAY AND EARLY EVALUATION CONFERENCE MAY BE OBTAINED AT:*
*http://www.courtinfo.ca.gov/selfhelp/.*
*YOU ARE ENTITLED TO REQUEST, FROM A CERTIFIED ACCESS SPECIALIST WHO HAS CONDUCTED AN INSPECTION FOR YOUR PROPERTY, A WRITTEN INSPECTION REPORT AND OTHER DOCUMENTATION AS SET FORTH IN CIVIL CODE SECTION 55.53. YOU ARE ALSO ENTITLED TO REQUEST THE ISSUANCE OF A DISABILITY ACCESS INSPECTION CERTIFICATE, WHICH YOU MAY POST ON YOUR PROPERTY.*
*\*(Stay: a temporary stoppage of the claim).*
*\*\*(Early Evaluation Conference: judge ordered conference between parties to resolve the issues or claim).*

**Disclosure**

The ADA and California's Title 24 access requirements are complex and pervasive and contain many concepts and terms of art which have yet to be fully explained by the promulgating authorities, tested by actual experience, or defined in the courts with respect to particular factual situations.  The Client acknowledges that Cal Accessibility has made no claim, express or implied, that, in performing the requested scope of services, it will be able to identify every barrier to individuals with disabilities which would not be allowed in new construction under the ADA.  Cal Accessibility may also render opinions that are not identical to those which may be rendered by every authority having jurisdiction over the project.  Further, Client acknowledges that, as between Client and Cal Accessibility, Client is solely responsible for non-discrimination under the ADA and other applicable laws and that civil lawsuits under the ADA and California law (frivolous or otherwise) remain possible regardless of the rarity or types of barriers, if any, that are designed or built.  Consequently, Cal Accessibility does not assume any liability for non-compliant conditions designed and/or constructed by other project team members.

This report does not (and can not) indemnify you from every possible interpretation of these codes or any future access lawsuit brought by a party that disagrees with these opinions or is just wrong with their allegations. As the ADA is not an absolute standard, Cal Accessibility cannot guarantee that compliance with our recommendation will protect the user for all liability for ADA issues.

## Path of Travel

| Location | | Issue/Barrier | | Existing Condition | | Notes |
|---|---|---|---|---|---|---|
| 1.0 | | There is **NOT** an exterior accessible route (48 in. wide with no vertical changes greater than ¼ in.) from the public right-of-way to an accessible entry and other accessible site elements (including parking space aisles, public telephones, drinking fountains, fueling dispensers, air/water units, paper towel/squeegee dispensers, exterior cashier window, and vending machines). | | N/A from sidewalk | | At least one accessible route within the boundary of the site shall be provided from public transportation stops, accessible parking, and accessible passenger loading zones and public streets or sidewalks to the accessible building entrance they serve. Provide at least a 48-in. path of travel from parking area to main building entrances.<br><br>When, because of right-of-way restrictions, natural barriers or other existing conditions, the enforcing agency (building department) determines that compliance with the 48 in. (1219 mm) clear sidewalk width requirement would create an unreasonable hardship, the clear width may be reduced to 36 in. (914 mm). connect sidewalk with parking access aisle by striping the area. |



**Path of Travel**

| Location | | Issue/Barrier | | Existing Condition | | Notes |
|---|---|---|---|---|---|---|
| 1.3 | | There is **NO** phone number or address posted that indicates where the towed vehicles can be claimed. | | No phone – vandalized and blocked by bench | | Blank spaces are to be filled in with appropriate information as a permanent part of the sign; the towing company phone number must be included. |




8



9

**Parking**

| Location | | Issue/Barrier | | Existing Condition | | Notes |
|---|---|---|---|---|---|---|
| 2.9 | | The accessible parking space does **NOT** have an 8 ft. wide access aisle for a van (5 ft. wide for single). | | 5'-4" for van | | One in every six accessible spaces, but not less than one, shall be served by an access aisle 96 in. (2438 mm) minimum wide, placed on the side opposite the driver's side when the vehicle is going forward into the parking space, and shall be designated as van accessible. |



07/29/2016

10

**Parking**

| Location | | Issue/Barrier | | Existing Condition | | Notes |
|---|---|---|---|---|---|---|
| 2.10 | | The loading and unloading access aisle does **NOT** have a blue border. | | White | | The access aisle lines shall be painted blue. |



## Parking

| Location | | Issue/Barrier | | Existing Condition | | Notes |
|---|---|---|---|---|---|---|
| 2.17 | | The accessible parking space does **NOT** have a sign saying "Van Accessible." | | Sign on right reads van while it's not van accessible | | Replace sign |



SIGN AREA = 70 SQ. INCHES, MIN.

INTERNATIONAL SYMBOL OF ACCESSIBILITY

3" HIGH LETTERING MINIMUM, TYPICAL.

"VAN ACCESSIBLE" SIGN WHERE APPLIES

"FINE" SIGN AT EACH ACCESSIBLE PARKING STALL

80" MIN. IF ADJACENT TO ACCESSIBLE ROUTE, OTHERWISE 60"



12

## Parking

| Location | | Issue/Barrier | | Existing Condition | | Notes |
|---|---|---|---|---|---|---|
| 2.19 | | The accessibility sign in a path of travel is **NOT** posted at a minimum height of 80 in. (2032 mm) from the bottom of the sign to the parking space finished grade. | | 73" | | When in a path of travel, the accessibility sign shall be posted at a minimum height of 80 in. (2032 mm) from the bottom of the sign to the parking space finished grade. |



## Parking

| Location | | Issue/Barrier | | Existing Condition | | Notes |
|----------|---|---------------|---|--------------------|---|-------|
| 2.22 | | The words "NO PARKING" are **NOT** painted in white on the ground within each access aisle. | | N/A | | The words "NO PARKING" shall be painted on the ground within each 5-ft. (or 8-ft.) loading and unloading access aisle. This notice shall be painted in white letters no less than 12 in. (305 mm) high and located such that it is visible to traffic enforcement officials. |





14

## Curb Ramp

| Location | | Issue/Barrier | | Existing Condition | | Notes |
|---|---|---|---|---|---|---|
| 3.7 | | The slope of the curb ramp is **NOT** 1:12 (8.3%) or less. | | 13% | | The slope of curb ramps shall not exceed 1 unit vertical to 12 units horizontal (8.33%). The slope of the fanned or flared sides of curb ramps shall not exceed 1 unit vertical to 10 units horizontal. Relocate parking towards sidewalk and replace ramp and landing |



**Curb Ramp**

| Location | | Issue/Barrier | | Existing Condition | | Notes |
|---|---|---|---|---|---|---|
| 3.16 | | The top landing is **NOT** sloped at 2% or less in every direction. | | 2.9% | | A level landing 4 ft. (1219 mm) deep shall be provided at the upper end of each curb ramp over its full width to permit safe egress from the ramp surface, or the slope of the fanned or flared sides of the curb ramp shall not exceed 1 unit vertical to 12 units horizontal (8.33% slope). See 3.7 |




## Front Entrance (Interior Door)

| Location | | Issue/Barrier | | Existing Condition | | Notes |
|---|---|---|---|---|---|---|
| 12.5 | | The clear floor area on the pull side of the door beyond the strike jamb is **NOT** at least 24 in. wide x 5 ft. (60 inches) deep. | | 11" | | The width of the level area on the side to which the door swings shall extend 24 in. (610 mm) past the strike edge of the door for exterior doors and 18 in. (457 mm) past the strike edge for interior doors.<br><br>See 12.9 |





### Front Entrance (Interior Door)

| Location | | Issue/Barrier | | Existing Condition | | Notes |
|---|---|---|---|---|---|---|
| 12.9 | | There are two consecutive doors: There is **NOT** a 48 in. deep clear floor area in the vestibule between the two doors that is free of a door swing. | | 28" | | The space between two consecutive door openings in a vestibule, serving other than a required exit stairway, shall provide a minimum of 48 in. (1219 mm) of clear space from any door opening into such vestibule when the door is positioned at a 90 degree angle from its closed position. Doors in a series shall swing either in the same direction or away from the space between the doors.<br><br>Remove interior door or install an automatic door opener |

 

 

**Front Entrance (Interior Door)**

| Location | | Issue/Barrier | | Existing Condition | | Notes |
|---|---|---|---|---|---|---|
| 12.10 | | The landing on the pull side is **NOT** sloped 2% or less in every direction. | | 10.7% | | The floor or ground area within the required clearances shall be level and clear. The level area shall have a length in the direction of door swing of at least 60 in. (1524 mm) and a length opposite the direction of door swing of 48 in. (1219 mm), as measured at right angles to the plane of the door in its closed position.<br><br>See 12.9 |

 

**Interior Path**

| Location | | Issue/Barrier | | Existing Condition | | Notes |
|---|---|---|---|---|---|---|
| 14.1.1 | | In restaurants, access to accessible seating is **NOT** provided by an aisle 36 in. wide. | | 32" by counter and bench | | Each dining, banquet, and bar area shall have one wheelchair seating space for each 20 seats, with at least 1 wheelchair seating space per functional area. Such seating shall be designed and arranged to permit use by wheelchair occupants, and shall comply with Section 1122B, Fixed or Built-in Seating, Tables, and Counters. Access to such seating spaces shall be provided with main aisles not less than 36 in.  in clear width. Suggested Solution: cut counter and tiles to provide access |







21



CONFIDENTIAL

## Table Seating Areas

| Location | | Issue/Barrier | | Existing Condition | | Notes |
|---|---|---|---|---|---|---|
| 22.4 | | There are **NOT** at least 5% of the seating positions accessible. | | N/A at bench | | Provide at least 5% (or 1 in 20) wheel chair seating areas adjacent to or overlapping a path of travel. Tables should be marked with the symbol of accessibility and integrated with the general seating to allow for a reasonable selection of seating and to avoid having one area highlighted as the area for persons with disabilities. Provide tables with knee spaces at least 27 in. (686 mm) high, 30 in. (762 mm) wide, and 19 in. (483 mm) deep<br><br>Remove bench seating by bathroom and replace with seats. Modify table similar to ADA tables to create a knee spave |




## Bathroom

| Location | | Issue/Barrier | | Existing Condition | | | Notes |
|---|---|---|---|---|---|---|---|
| 25.5 | | There is **NO** tactile signage with Braille writing installed on the wall adjacent to the latch side of the door. | | N/A at women's bathroom | | | Where permanent identification signs are provided for rooms and spaces, signs shall be installed on the wall adjacent to the latch side of the door. Mounting height shall be 60 in. (1524 mm) above the finished floor to the bottom of the first line of the sign, and 48 in. minimum to the bottom of the Braille writing. Mounting location shall be determined so that a person may approach within 3 in. (76 mm) of signage without encountering protruding objects or standing within the swing of a door. (sign must have California grade II Braille) . |



24

## Bathroom

| Location | | Issue/Barrier | | Existing Condition | | Notes |
|---|---|---|---|---|---|---|
| 25.6 | | The tactile signage is **NOT** located 58 to 60 in. above the floor to the centerline of the sign. | | Door sign at 69" | | Mounting height shall be 60 in. (1524 mm) above the finished floor to the center line of the sign. Mounting location shall be determined so that a person may approach within 3 in. (76 mm) of signage without encountering protruding objects or standing within the swing of a door. |

 

**Bathroom**

| Location | | Issue/Barrier | | Existing Condition | | Notes |
|---|---|---|---|---|---|---|
| 25.7 | | The narrowest clear width of the doorway opening is **NOT** at least 32 in. when a single leaf of the door is open to a 90 degree position. | | 28" at women's bathroom | | When installed in exit doorways, exit doors shall be capable of opening at least 90 degrees and shall be so mounted that the clear width of the exit way is not less than 32 in. (813 mm), measured between the face of the door and the opposite stop.<br><br>Modify if readily achievable |





DocuSign Envelope ID: 074B06D4-E56A-4188-A8A2-E407089954E2

**Bathroom**

| Location | | Issue/Barrier | | Existing Condition | | Notes |
|---|---|---|---|---|---|---|
| 25.8 | | The clear floor area on the pull side of the door beyond the strike jamb is **NOT** at least 18 in. wide x 5 ft. (60") deep. | | 8" due to counter shelf | | The width of the level area on the side to which the door swings shall extend 24 in. (610 mm) past the strike edge of the door for exterior doors and 18 in. (457 mm) past the strike edge for interior doors. Twenty-four inches (610 mm) is preferred for strike-side clearance. Cut or replace shelf and counter |



(a)
pull side



27



CONFIDENTIAL

28

## Bathroom

| Location | | Issue/Barrier | | Existing Condition | | Notes |
|---|---|---|---|---|---|---|
| 25.10 | | The clear floor area on the push side of the door is **NOT** at least 48 in. deep by the clear width of the door. | | 38" vestibule door | | Minimum maneuvering clearances at doors shall be as shown in CBC Figures 11B-26A and 11B-26B. **Exception:** The length opposite the direction of door swing shall be a minimum of 44 in. (1118 mm) where the door has no closer and approach to the door by a person in a wheelchair can be made from the latch side, or if the door has neither latch nor closer and approach can be made from the hinge side. See Figures 11B-26A and 11B-26B.  Modify if readily achievable |





## Bathroom

| Location | | Issue/Barrier | | Existing Condition | | Notes |
|---|---|---|---|---|---|---|
| 25.10A | | The clear floor area on the push side of the door is **NOT** at least 48 in. deep by the clear width of the door. | | 32" at women's bathroom | | Minimum maneuvering clearances at doors shall be as shown in CBC Figures 11B-26A and 11B-26B. **Exception:** The length opposite the direction of door swing shall be a minimum of 44 in. (1118 mm) where the door has no closer and approach to the door by a person in a wheelchair can be made from the latch side, or if the door has neither latch nor closer and approach can be made from the hinge side. See Figures 11B-26A and 11B-26B. |





**Bathroom**

| Location | | Issue/Barrier | | Existing Condition | | Notes |
|---|---|---|---|---|---|---|
| 25.18 | | The door **CANNOT** be opened with 5 lbs of pressure or less. | | 24lbs vestibule door | | Maximum effort to operate doors shall not exceed 5 lbs (22.2 N) for exterior and interior doors; such pull or push effort being applied at right angles to hinged doors and at the center plane of sliding or folding doors. Compensating devices or automatic door operators may be utilized to meet the above standards. When fire doors are required, the maximum effort to operate the door may be increased to the minimum allowable by the appropriate administrative authority, not to exceed 15 lbs (66.72 N).<br><br>Adjust door closer to operate with a maximum of 5 lbs pressure. |



**Bathroom**

| Location | | Issue/Barrier | | Existing Condition | | Notes |
|---|---|---|---|---|---|---|
| 25.23 | | The lock on the door to the toilet stall is **NOT** easy to operate with a closed fist. | | Twisting at women's bathroom | | Replace lock |



## Bathroom

| Location | | Issue/Barrier | | Existing Condition | | Notes |
|---|---|---|---|---|---|---|
| 25.37 | | The top of the toilet seat is **NOT** between 17 in. and 19 in. above the floor. | | 16" | | The height of accessible water closets shall be a minimum of 17 in. (432 mm) and a maximum of 19 in. (483 mm) measured to the top of a 2-in. (51 mm) high maximum toilet seat. Replace toilet |



07/29/2019

## Bathroom

| Location | | Issue/Barrier | | Existing Condition | | Notes |
|---|---|---|---|---|---|---|
| 25.38 | | The centerline of the toilet is **NOT** 18 in. from the side wall. | | 15 ½" | | The centerline of the water closet fixture shall be 17-18 in. (457 mm) from the side wall or partition.<br><br>Replace toilet, consider using a movable base toilet to avoid plumbing issues , see illustration |



## Bathroom

| Location | | Issue/Barrier | | Existing Condition | | Notes |
|---|---|---|---|---|---|---|
| 25.40 | | The toilet paper dispenser is **NOT** located a minimum of 19 in. from the floor to the centerline of the dispenser and within 12 in. from front edge of toilet seat (7–9 in. per amended California code and the ADA ) and 36 in. maximum from back wall. | | 41/12 | | Toilet tissue dispensers shall be located on the wall within 7 to 9 in. (305 mm) of the front edge of the toilet seat, mounted below the grab bar, at a minimum height of 19 in. (485 mm). Dispensers that control delivery or do not permit continuous paper flow shall not be used. |









**Bathroom**

| Location | | Issue/Barrier | | Existing Condition | | Notes |
|---|---|---|---|---|---|---|
| 25.41 | | The seat cover dispenser is **NOT** at or below a height of 40 in. | | 49" | | Relocate seat cover dispenser to be at 40 in. height of operable paper release, and to have 30 in. x 48 in. clear space in front of the dispenser. |



Fig.1 Mounting Heights for Restroom Accessories.



Fig.1a Upper Range of Mounting Heights for Restroom Accessories with Operable Parts.



07/29/2019

## Bathroom

| Location | | Issue/Barrier | | Existing Condition | | Notes |
|---|---|---|---|---|---|---|
| 25.52 | | The top of the lavatory is **MORE** than 34 in. above the floor. | | 35" | | Lavatories, when located adjacent to a side wall or partition, shall be a minimum of 18 in. (457 mm) to the centerline of the fixture. All lavatories that are designated to be accessible shall be a minimum 17 in. (432 mm) in horizontal depth and mounted with the rim or counter edge no higher than 34 in. (864 mm) above the finished floor and with vertical clearance measured from the bottom of the apron or the outside bottom edge of the lavatory of 29 in. (737 mm), reducing to 27 in. (686 mm) at a point located 8 in. (203 mm) back from the front edge. In addition, a minimum 9-inch high (230 mm) toe clearance must be provided extending back toward the wall to a distance no more than 6 in. (150 mm) from the back wall. The toe clearance space must be free of equipment or obstructions.<br><br>Replace |



## Bathroom

| Location | | Issue/Barrier | | Existing Condition | | Notes |
|---|---|---|---|---|---|---|
| 25.53 | | The bottom of the front edge of the lavatory is **NOT** at least 29 in. above the floor.<br>At a point 8 in. back from the front edge, the lavatory is **NOT** 27 in. above the floor.<br>The lavatory is **NOT** 17 in. deep.<br><br>The lavatory does **NOT** have a 9" toe space. | | Pedestal | | Lavatories, when located adjacent to a side wall or partition, shall be a minimum of 18 in. (457 mm) to the centerline of the fixture. All lavatories that are designated to be accessible shall be a minimum 17 in. (432 mm) in horizontal depth and mounted with the rim or counter edge no higher than 34 in. (864 mm) above the finished floor and with vertical clearance measured from the bottom of the apron or the outside bottom edge of the lavatory of 29 in. (737 mm), reducing to 27 in. (686 mm) at a point located 8 in. (203 mm) back from the front edge. In addition, a minimum 9-inch-high (230 mm) toe clearance must be provided extending back toward the wall to a distance no more than 6 in. (150 mm) from the back wall. The toe clearance space must be free of equipment or obstructions.<br><br>Replace |



07/29/2019

39

## Bathroom

| Location | | Issue/Barrier | | Existing Condition | | Notes |
|---|---|---|---|---|---|---|
| 25.55 | | The lavatory faucet is **NOT** easily operable with a closed fist. | | Twisting | | Faucet controls and operating mechanisms shall be operable with one hand in accordance with this chapter and shall not require tight grasping, pinching, or twisting of the wrist. The force required to activate controls shall be no greater than 5 lbs (22.2 N). Lever-operated, push-type, and electronically controlled mechanisms (preferable) are examples of acceptable designs. Self-closing valves are allowed if the faucet remains open for at least 10 seconds.

Replace |



07/29/2019

DocuSign Envelope ID: 074B06D4-E56A-4188-A8A2-E407089954E2

## Bathroom

| Location | | Issue/Barrier | | Existing Condition | | Notes |
|---|---|---|---|---|---|---|
| 25.58 | | The bottom reflecting edge of the mirror is **NOT** at or below a height of 40 in. | | 53" | | Lower the reflecting edge of the mirror to 40 in. high from the finished floor.<br><br>Relocate |





41

## Bathroom

| Location | | Issue/Barrier | | Existing Condition | | Notes |
|---|---|---|---|---|---|---|
| 25.61 | | The towel dispenser (or hand dryer) control is **NOT** at or below a height of 40 in. | | 51" | | Relocate dispenser to have operating mechanism at 40 in. maximum.<br><br>Replace and relocate |



Fig. 1 Mounting Heights for Restroom Accessories.



Fig. 1a Upper Range of Mounting Heights for Restroom Accessories with Operable Parts.



42

DocuSign Envelope ID: 074B06D4-E56A-4188-A8A2-E407089954E2

## Bathroom

| Location | | Issue/Barrier | | Existing Condition | | Notes |
|---|---|---|---|---|---|---|
| 25.66 | | There is **NOT** a 5 ft. diameter or T-shaped clear floor area in the restroom. | | N/A | | There shall be in the room a clear floor space of at least 60 in. (1524 mm) in diameter, or a T-shaped space complying with Figure 11B-12 (a) and (b). No door shall encroach into this space more than 12 in. (305 mm). See CBC Figure 11B-1A. <br><br> Provide if readily achievable |







SINGLE-ACCOMMODATION TOILET FACILITY



CONFIDENTIAL

## Bathroom

| Location | | Issue/Barrier | | Existing Condition | | Notes |
|---|---|---|---|---|---|---|
| 25.67 | | The flush valve is **NOT** mounted on the wide side of the toilet area, and/or is **MORE** than 44 in. above the floor. | | Short side | | Controls shall be operable with one hand and shall not require tight grasping, pinching, or twisting. Controls for the flush valves shall be mounted on the wide side of toilet areas, no more than 44 in. (1118 mm) above the floor. The force required to activate controls shall be no greater than 5 lbs.<br><br>See 25.37 |





**ALLACCESS LAW GROUP**
Irene Karbelashvili, State Bar Number 232223
irene@allaccesslawgroup.com
Irakli Karbelashvili, State Bar Number 302971
irakli@allaccesslawgroup.com
1400 Coleman Ave Ste F28
Santa Clara, CA 95050
Telephone: (408) 295-0137
Fax: (408) 295-0142

Attorneys for LENA MACIAS, Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LENA MACIAS,<br>            Plaintiff,<br><br>vs.<br><br>NATWARLAL M. PANCHAL et al.<br><br>            Defendants. | Case No. 19-cv-00815-NC<br><br>**PROOF OF SERVICE** |

I, *IRAKLI KARBELASHVILI,* attorney for *Plaintiff* certify that on March 26, 2020, I served a copy of the following documents:

- **CONSENT DECREE AND [PROPOSED] ORDER**
- **ATTACHMENT "1"**

On the following parties:

Miguel Garcia
10070 Sylvandale Ave
San Jose, CA 95111-3349

*Defendant*

[] **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the documents with the Clerk of the Court by using the CM/ECF system for the U.S. District Court, Northern District of California. Participants in this case, named above, who are registered CM/EFC users will be served by the CM/EFC system. Participants in the case who are not registered CM/ECF users will be served by mail, or by other means permitted by the court rules.

[X] **BY REGULAR MAIL:** in a sealed envelope, addressed as noted above and depositing the sealed envelope with the United States Postal Service.

[ ] **BY HAND DELIVERY:** in a sealed envelope, addressed as noted above, through services provided by and billed to the AllAccess Law Group.

[] **BY ELECTRONIC MAIL** – serving the enclosed via e-mail transmission in PDF format and with a request for a delivery and read receipts from each of the parties listed above.

[] I declare under penalty of perjury, under the laws of the State of California that the foregoing is true and correct.

[**X**] I declare under penalty of perjury, under the laws of the United States of America that the foregoing is true and correct.

Dated: 3/26/2020        */s/ Irakli Karbelashvili*
                        Irakli Karbelashvili